UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In Re: | * | |
| **JESSIE WILLARD** | | |
|   **BELLAMY, JR.** | * | Case No: 07-1-1332 |
| | * | Chapter 13 |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**FINAL APPLICATION OF SIRODY, FREIMAN & FELDMAN, PC FOR
PAYMENT OF ADMINISTRATIVE EXPENSES**

    Pursuant to 11 U.S.C. section 330 and Federal Rule of Bankruptcy Procedure2016, Sirody, Freiman & Feldman, PC ("Sirody, Freiman") hereby submits this final application for allowance of compensation for services rendered as counsel to Debtor during the period from August 3, 2007 through May 5, 2009. In support hereof, Sirody, Freiman states:

    **I.**    **CASE BACKGROUND**

    1. That this action was filed as a voluntary Petition under Chapter 13 of the United States Bankruptcy Code on February 12, 2007.

    2. That counsel and his firm represented Debtor in matters before this Court and matters relating to Debtor's Chapter 13 case. These matters included the preparation and filing of schedules, attendance at meetings of creditors, attendance at confirmation hearings, objections to and resolution of claims, examination and monitoring of filed claims, stay litigation, consultations with the Trustee and creditors and ongoing consultation with the Debtor. A detailed time sheet is attached as Exhibit A which indicates the work *actually* performed in this matter on behalf of Debtor during the time period in question, and Exhibit B which indicates the work done prior to the time period referred to in this application.

    **II.**    **SUMMARY OF COMPENSATION AND EXPENSES SOUGHT**

    3. Sirody, Freiman requests approval of compensation in the amount of $1,800.00 for the Six and six tenths( 6.6) hours of professional services rendered during the period of August 3, 2007 through May 6, 2009, as well as undisbursed payments for the Nineteen and nine-tenths (19.9) hours of professional services rendered during the period of February 9, 2007 through August 2, 2007.

    4. The table below identifies each professional by name and position and sets forth the time expended by each professional, the composite hourly rate charged and the total value of the time billed during the period covered by this application:

**TIMEKEEPER SUMMARY**

| Timekeeper | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Douglas R. Gorius | Associate | **2.0** | $250 | **$500** |
| Thaddeus J. Holmquist | Associate | **.8** | $250 | **$200** |
| Phillip Anderson | Associate | **2.5** | $250 | **$675** |
| Meg Nichols | Paralegal | **.3** | $150 | **$45** |
| Gary S Poretsky | Associate | **1.0** | $250 | **$250** |
| Totals | | **6.6** | | **$1670.00** |

      5. The time expended and the nature of the services rendered by Sirody, Freiman has been recorded in the ordinary course. A compilation of Sirody, Freiman's time entries setting forth the date of service rendered, the name of the individual rendering the service, a description of the service and the amount of time devoted to the service is attached hereto as Exhibits A and B.

      6. In addition to services rendered, Sirody, Freiman has incurred actual and necessary expenses during the period covered by this application. Sirody, Freiman is willing to assume the costs of those expenses and does not seek compensation therefore herein.

7. Sirody, Freiman has previously requested approval of compensation in this case. Sirody, Freiman has received compensation from the Debtor in the amount of Two Thousand Five Hundred Dollars ($2,500.00) as well as Court ordered disbursement of Two Hundred Dollars ($200.00) for a total of Two Thousand Seven Hundred Dollars ($2,700.00) and seeks approval for the balance due for services rendered to Debtor.

8. All services for which compensation is requested were performed for, or on behalf of the Debtor and not on behalf of any other person or entity.

9. No agreement exists between Sirody, Freiman and any other person or entity for the sharing of compensation already received, or to be received, in connection with this case.

    **III.**    <u>**SUMMARY OF SERVICES RENDERED**</u>

10. During the period covered by this application, Sirody, Freiman has provided services in the following general areas:

(a) Representation of Debtor at all hearings before the Court
Attend meeting of creditors and confirmation hearing with Debtor and consult
with Debtor and Trustee regarding successful completion of Chapter 13 Plan.
Attendance at continued confirmation hearings.

(b) Claim review and monitoring
Sirody, Freiman reviewed all of the claims filed in Debtor's case for accuracy and completeness. Review and file protective claims, where necessary.

(c) Professional Fees
Sirody, Freiman prepared and filed this fee application.

Prior to this fee application Sirody, Freiman provided the following services for which compensation was not fully rendered, as referred to in exhibit B and addressed in the Amended Application (Docket number 59) incorporated herein by reference:

(d) Pre-filing assessment of Debtor's financial situation
Sirody, Freiman reviewed the Debtor's financial situation and advised the Debtor on the practices and procedures in filing a Chapter 13 bankruptcy case.

(e) Preparation of Petition, Statement of Financial Affairs, Chapter 13 Plan and
related documents Sirody, Freiman prepared all of the Debtor's schedules, conducted extensive review thereof, calculated and prepared Debtor's Chapter 13 Plan and any amendments thereto.

## IV.     LODESTAR ANALYSIS

Sirody, Freiman requests compensation pursuant to the twelve (12) lodestar criteria originally enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), and expressly adopted by the Fourth Circuit in Barber v. Kimbrells, Inc. 577 F.2d 216 (4th Cir. 1978), Anderson v. Booth, 658 F. 2d 246 (4th Cir. 1982) and Harman v. Levin (In re: Robertson), 772 F.2d 1150 (4th Cir. 1985). The lodestar criteria are as follows:
(a) The time and labor expended;
(b) The novelty and difficulty of the questions raised;
(c) The skill required to properly perform the legal services rendered;
(d) The attorney's opportunity costs in pressing the instant litigation;
(e) The customary fee for like work;
(f) The attorney's expectations at the outset of the litigation;
(g) The time limitations imposed by the client or circumstances;
(h) The amount in controversy and the results obtained;
(i) The experience, reputation and ability of the attorney;
(j) The undesirability of the case within the legal community in which the suit
arose;
(k) The nature and length of the professional relationship between attorney
and client; and
(l) The attorney's fees awarded in similar cases.
Each of the lodestar criteria will be examined in detail below.

<u>TIME AND LABOR EXPENDED</u>

11. The time and labor performed by Sirody, Freiman are described in detail in the time entries attached to this application. Given the circumstances of this case, the amount of time expended by Sirody, Freiman has been both appropriate and reasonable.

NOVELTY AND DIFFICULTY OF QUESTIONS RAISED

12. This case presented challenges due to the Debtor's repeated filings, the Debtor's spouse's repeated filings and the nature and complexity of the issues presented.

LEVEL OF SKILL REQUIRED

13. The issues in this case required a specialized knowledge of bankruptcy and commercial law.

OPPORTUNITY COSTS

14. Sirody, Freiman is a small law firm and can only accept a limited number of cases based upon the time and staff available to handle same. Although Sirody, Freiman did not specifically decline any new engagements because of time devoted to this case, the resolution of problems in this sometimes left limited time available to work on other cases.

CUSTOMARY FEE FOR LIKE WORK

15. Sirody, Freiman's fees were computed at the standard hourly rates charged by Sirody, Freiman to Debtors and to clients involved in non-bankruptcy matters. The rates are well within the customary hourly rates charged in this geographic area for like services in similar cases.

EXPECTATIONS AT OUTSET OF CASE

16. Sirody, Freiman undertook representation of Debtor in this case with the expectation that it would be paid in full for services rendered. Sirody, Freiman did not take this case on a contingency basis, nor did Sirody, Freiman undertake this case with the expectation that it would be paid only a percentage of its fees.

TIME LIMITATIONS

17. This case required counsel to file a petition to protect Debtor's assets from being seized by creditors. Counsel took prompt action to protect the assets of Debtor for the benefit of all creditors of Debtor's estate. All time limitations and deadlines imposed in this case have been met by Sirody, Freiman. To prevent auction of the Debtor's primary asset, counsel prepared and filed a Petition within two (2) days of first meeting with Debtor.

AMOUNT IN CONTROVERSY AND RESULTS OBTAINED

18. Sirody, Freiman has worked to successfully with the Trustee to maximize the recovery for creditors while ensuring Debtor meets her goal of financial reorganization.

EXPERIENCE, REPUTATION AND ABILITY OF COUNSEL

19. Sirody, Freiman's attorneys are highly experienced and qualified in the areas of bankruptcy law. Partners at Sirody, Freiman have been practicing bankruptcy law for fifteen (15) years and associates at Sirody, Freiman included a past-president of the local bankruptcy bar and a former staff attorney for the U.S. Trustee's Office.

UNDERSIRABILITY OF CASE

20. Sirody, Freiman undertook representation of Debtor for only a minimal fee and assumed the risk that Debtor would not complete his Chapter 13 plan, thereby leaving significant legal fees to Sirody, Freiman unpaid.

NATURE AND LENGTH OF PROFESSIONAL RELATIONSHIP

21. Sirody, Freiman has a professional relationship with Debtor represented Debtor throughout the life of her Chapter 13 case from inception until dismissal for a period of well over two years.

FEE AWARDS IN SIMILAR CASES

22. The compensation sought by Sirody, Freiman in this case is reasonable and consistent with the fee awards in similar bankruptcy cases in this district.

## V.    CONCLUSION

Based upon the foregoing, Sirody, Freiman requests that this Court:

(a) Approve the allowance of compensation in the amount of $4,500.00, $2700.00 having been previously received, for services rendered during the period covered by this application; and

(b) Order that $1,800.00 be paid as an administrative expense of Debtor's Chapter 13 case; and

(c) For such other and further relief as is just and appropriate.    Respectfully submitted:

5/5/2009                         /s/ Adam M. Freiman
                                 Adam M. Freiman 23047
                                 Sirody Freiman & Feldman P.A.
                                 1777 Reisterstown Road #360
                                 Baltimore, MD 21208
                                 410-415-0445

CERTIFICATE OF SERVICE

I HEREBY DECLARE AND AFFIRM that on this 5th day of May, 2009 I mailed and/or electronically notified the Chapter 13 Trustee, Debtor, U.S. Trustee and all creditors on the attached matrix taken from the Court's website of the filing of this Motion.

/s/ Adam M. Freiman
Adam M. Freiman 23047